THE ROSE INNES.

(District Court, S. D. New York. March 30, 1903.)

1. SHIPPING—SHORTAGE IN CARGO—EVIDENCE TO ESTABLISH AMOUNT.

Where a ship is liable for loss in a cargo of coffee by reason of rats having eaten holes in the mats in which it was packed during the voyage, the weight of the coffee when placed in the mats at interior plantations is sufficient, prima facie, to establish the amount of the shortage.

In Admiralty. Action for damage to cargo and for shortage.

Carter & Ledyard, for libellants.

Benedict & Benedict, for claimant.

ADAMS, District Judge. This is an action to recover damages from the ship Rose Innes for failure to deliver certain coffee, which was a part of her cargo on a voyage from Singapore to New York, beginning in November, 1900, and ending in April, 1901, in the same good order and condition in which it was received.

It is conceded by the ship that some damage was done to the mats which contained the coffee by rats during the voyage, which is not covered by exceptions in the bills of lading, and that the ship is liable therefor, but claims which are also made for some shortage in delivery and for depreciation in value of the coffee caused by its escape are disputed, the claimant alleging that there is no competent evidence to establish the shortage and that the depreciation was not the ship's fault but the result of improper handling of the escaped coffee on the part of the libellants' employés.

The evidence shows that the rats gnawed about sixty-five mats of the libellants' coffee permitting some of the contents to become scattered about in the hold and mixed with the coffee of some other parties, whose mats were injured in a similar manner, so that when discharged in port, it was necessary to gather and sweep scattered coffee up. This was done by the ship's and the owners' men, acting conjointly, and the sweepings were distributed to the owners, as well as possible in conformity with their respective losses. The weights in the mats as shipped were shown by evidence of the original weights of the coffee when put in the mats at interior plantations prior to shipment; which I regard as sufficient to establish a prima facie case of the amount of damages, notwithstanding some general statements of the ship's witnesses that she delivered practically all that she had received. There could scarcely fail to be some loss under the circumstances. There was some depreciation in the value of the coffee which was recovered, owing to its being mixed with dirt. This was a result of the failure to protect the mats.

There will be a decree for the libellants, with an order of reference to ascertain the amount of their losses, after deducting the value of the sweepings received by them.